No. 19-2005

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

STUDENTS FOR FAIR ADMISSIONS, INC.,
*Plaintiff-Appellant*,

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Massachusetts

**MOTION TO REMAND ATTORNEY'S FEE APPLICATION**

Appellant Students for Fair Admissions, Inc., ("SFFA") moves the Court to remand the issue of appellate attorney's fees to the district court. In the interest of judicial economy, the district court should consider a single application for fees incurred throughout the case at all stages, including on appeal. Appellee President and Fellows of Harvard College does not object to this motion.

1. SFFA filed suit in November 2014, alleging that Harvard's undergraduate admissions policies violated Title VI of the Civil Rights Act of 1964. SFFA sought a declaratory judgment, an injunction prohibiting Harvard from using race as a factor in future undergraduate admissions decisions, attorney's fees and costs, and any other appropriate relief.

1

2. Nearly four years of pre-trial motions and discovery led to a three-week bench trial beginning in October 2018, after which the district court entered judgment for Harvard on September 30, 2019. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 397 F. Supp. 3d 126 (D. Mass. 2019).

3. This Court affirmed that judgment on November 12, 2020. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 980 F.3d 157, 204 (1st Cir. 2020).

4. The Supreme Court granted certiorari on January 24, 2022, and reversed this Court's judgment on June 29, 2023. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 143 S. Ct. 2141 (2023).

5. This Court then entered a new judgment for SFFA on July 31, 2023, vacating the district court's previous decision and remanding "for further proceedings consistent with the Supreme Court's opinion determining that judgment should enter for the plaintiffs on their equal protection claims." Doc. 00118035344 (July 31, 2023).

6. SFFA intends to seek attorney's fees and costs. *See* 42 U.S.C. §1988(b); Fed. R. Civ. P. 54(d).

7. First Circuit Rules require that applications for "fees and other expenses, in connection with an appeal, must be filed with the clerk of the court of appeals within 30 days of the date of entry of the final circuit judgment, whether or not attorney fees had been requested in the trial court." 1st Cir. R. 39.1(b).

8. But the Court has discretion to order that "the award of fees and other expenses be remanded to the district court for a determination." *Id.*; *see, e.g.*, Doc.

2

00117909022, *Carson v. Makin*, No. 19-1746 (1st Cir. Aug. 12, 2022) (granting parties' joint motion to remand fee issues); *S. Kingstown Sch. Comm. v. Joanna S.*, 773 F.3d 344, 356 (1st Cir. 2014) ("remand[ing] so the District Court may consider in the first instance whether and to what extent attorneys' fees should be ordered); *Powell v. Alexander*, 391 F.3d 1, 25 (1st Cir. 2004) ("[r]emand[ing] for an award of reasonable attorney's fees and costs of appeal pursuant to 42 U.S.C. § 1988").

9. Remanding appellate fee issues is appropriate here. Doing so will allow the parties to prepare and potentially litigate a single fee application for all work throughout these proceedings in this Court, the district court, and the Supreme Court. Due especially to the length and complexity of the district court proceedings—with almost four years of pre-trial motions and discovery, culminating in a three-week bench trial—consolidation of appellate fees and district court fees into a single application will conserve the parties' and courts' resources. The district court could then make all the necessary findings of fact to calculate a reasonable fee, which this Court could review on appeal as needed.

10. By contrast, a separate application for appellate fees would lead to duplicate work for both the parties and the courts, in concurrent proceedings before this Court and the district court. It would also require this Court to make its own findings of fact on issues—such as a reasonable hourly rate for SFFA's counsel—that would be before the district court simultaneously in the related proceeding.

11. Counsel for SFFA and Harvard have conferred, and Harvard does not oppose this motion.

Wherefore, the parties respectfully request that the award of attorney's fees and other expenses in connection with the appeal be remanded to the district court for a determination.

August 4, 2023

Respectfully submitted,

*s/ Patrick N. Strawbridge*

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
10 Post Office Sq., 8th Fl.,
PMB #706
Boston, MA 02109
(617) 227-0548

Thomas R. McCarthy
J. Michael Connolly
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423

Adam Mortara
Lawfair LLC
40 Burton Hills Blvd.
Suite 200
Nashville, TN 37215
Tel: (773) 750-7154

## CERTIFICATE OF COMPLIANCE

This motion complies with Rule 27 because it does not exceed 5,200 words. This motion also complies with Rule 32 because it has been prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: August 4, 2023                    *s/ Patrick N. Strawbridge*

## CERTIFICATE OF SERVICE

I filed this motion via the Court's ECF system, which will electronically notify all counsel of record.

Dated: August 4, 2023  　　　　　　　　　*s/ Patrick N. Strawbridge*