No. 19-2005

**IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

---

STUDENTS FOR FAIR ADMISSIONS, INC.,

*Plaintiff-Appellant*,

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

*Defendant-Appellee.*

---

On Appeal from the United States District Court for the District of Massachusetts
No. 1:14-cv-14176 (Hon. Allison D. Burroughs)

---

**MOTION OF AMICI CURIAE STUDENTS, ALUMNI, AND PROSPECTIVE STUDENTS OF HARVARD COLLEGE FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

---

Pursuant to Federal Rule of Appellate Procedure 29, amici curiae Students, Alumni, and Prospective Students of Harvard College ("Student-amici") respectfully ask that this Court grant them five minutes of argument time.[1] Student-amici are a racially diverse group of students, alumni, and prospective

[1] Although oral argument has not been set, SFFA has requested oral argument in this case. Under Federal Rule of Appellate Procedure 34, oral argument must be heard unless the three-judge panel unanimously agrees that the appeal is frivolous, dispositive issues have been authoritatively decided, or the facts and arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

students who seek to protect a university's decision to consider race in admissions to the full extent authorized by law. Student-amici Br. 1. At the outset of the case, Student-amici sought to intervene. Although the district court denied that motion, the court recognized the importance of the participation of Student-amici and did not limit them to ordinary amici curiae status. The district court permitted Student-amici not only to file written submissions supporting Harvard's position, but also to make opening and closing statements, present the testimony of four Student-amici, and offer exhibits at trial, and to submit proposed findings of fact and conclusions of law. Mem. and Order Regarding Mot. to Participate in Trial Proceedings filed by Amici Curiae (Oct. 3, 2018), ECF. No. 575 at 2; Amici Curiae Students Proposed Findings of Fact and Conclusions of Law (Jan. 9, 2019), ECF No. 626. In other words, the district court granted Student-amici responsibilities comparable to participating in oral argument on appeal.

This case seeks to eliminate Harvard's consideration of race in the admissions process and, in turn, the ability of students to fully represent their identities and capabilities in applying to Harvard and other colleges. While Harvard defends its consideration of race as *administrator* of the process, it does not directly represent students and elected not to have any students testify on its behalf. Student-amici—a multi-ethnic group of students and alumni who identify as Asian American, Black, Latinx, Native American, and Pacific Islander—present

a complementary yet unique perspective for this Court to consider: they are the *students* who have been intimately impacted by Harvard's race-conscious policy and will be directly affected by this Court's ruling. Notably, in three prior federal court cases involving challenges to affirmative action plans, circuit courts have permitted counsel representing minority students to participate at oral argument.

As further discussed below, Student-amici's arguments can help inform this Court's decision on critical issues. Student-amici's testimony and evidence demonstrate, among other things, that (1) SFFA failed to meet its burden of proof on its intentional discrimination claim; (2) Harvard's race-conscious admissions process meets the requirements of narrow tailoring and is critically important for minority students and their applications; (3) Harvard continues to have a compelling interest in student body diversity, manifesting itself in both academic and social settings; and (4) the benefits to students of a racially diverse student body will be at risk under SFFA's proposed race-blind alternatives.

Harvard has indicated that it opposes any reduction in the time it is allotted for oral argument, and otherwise takes no position on this motion. SFFA does not oppose this motion so long as each side is allocated equal time overall to argue.

## I. Student-Amici Can Uniquely Inform the Court's Analysis of the Critically Important Issues in This Case That Will Impact Students at Harvard and Beyond

In this case, SFFA charges Harvard with discriminating against Asian American applicants under Title VI of the Civil Rights Act of 1964 and with using race in a manner that is inconsistent with standards established by the Supreme Court. Joint Appendix (JA) 108-227. In Student-amici's brief filed in support of Harvard, they present a unique and complementary perspective on these issues that will be critical to informing the Court's judgment in weighing the correctness of the district court's ruling.

On the intentional discrimination claim, for example, Student-amici are uniquely situated to refute SFFA's intentional discrimination claim and demonstrate to the Court how Harvard's limited but meaningful consideration of race for all students can, in fact, *benefit* Asian American applicants and remains critical for many students of color who must be able to reference their race to have their perspectives and potential contributions fully appreciated in Harvard's admissions process. For instance, Harvard's lawful consideration of race is reflected in its review of the applications of two Asian American Student-amici, Thang Diep and Sally Chen. Harvard's review of those applications demonstrates an admissions process that is holistic and individualized, and sensitive to how the students' ethnicity has shaped their perspectives. *See* JA2745-46 (testimony of

Ms. Chen); JA2674-80 (testimony of Mr. Diep); Sealed Supplemental Appendix (SA) 488-564 (application files of Ms. Chen and Mr. Diep); Addendum (ADD) 111-12 (district court decision noting how "race can profoundly influence applicants' sense of self and outward prospective"). Such files and the arguments of Student-amici directly contradict SFFA's claims that Harvard's race-conscious policy disparages or stereotypes Asian American students. *See, e.g.*, SFFA Br. 9-11.

Student-amici can also assist the Court in understanding how, from the student perspective, the district court's analysis is consistent with the strict scrutiny standards developed by the Supreme Court over the past forty years. *See generally Fisher v. Univ. of Tex. at Austin (Fisher II)*, 136 S. Ct. 2198 (2016); *Fisher v. Univ. of Tex. at Austin (Fisher I)*, 570 U.S. 297 (2013); *Grutter v. Bollinger*, 539 U.S. 306 (2003); *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265 (1978). For example, the district court concluded that eliminating race-conscious admissions would undermine Harvard's efforts to recruit a diverse class of exceptional students in two related ways: *first*, it would "deprive applicants, including Asian American applicants, of their right to advocate the value of their unique background, heritage, and perspective," and *second*, it would "deprive Harvard of exceptional students who would be less likely to be admitted without a comprehensive understanding of their background." ADD111-12. Student-amici

offer a unique perspective here in countering the arguments of SFFA and the United States (which may also seek oral argument in this case) that Harvard's admissions program fails to operate as an individualized, flexible process, as required under the narrow tailoring prong. *See, e.g.*, SFFA Br. 23, 51-53; U.S. Br. 22. Student-amici can assist the Court in understanding how Harvard's individualized process allows students to fully portray themselves and demonstrate their potential to Harvard in their applications. Such argument would provide the Court with greater insight into how, absent the lawful consideration of race, Harvard would overlook several talented, diverse students like Student-amici. *See* Student-amici Br. 6-10. These arguments are critical in negating SFFA's arguments that Harvard uses race as more than a "plus" factor and in showing that Harvard's use of race instead reflects a process that is "flexible enough to ensure that each applicant is evaluated as an individual and not in a way that makes an applicant's race or ethnicity the defining feature." *Fisher I*, 570 U.S. at 308 (quoting *Grutter*, 539 U.S. at 334).

Student-amici can further assist the Court in assessing the merits of SFFA's argument that adopting SFFA's preferred race-blind alternatives will not materially reduce the benefits to Harvard or to students of a racially diverse student body. SFFA argues, in part, that despite evidence showing that African American student enrollment would drop from 14 percent to 10 percent under its preferred

alternative, there is "no evidentiary support for the supposition that this decrease … would keep Harvard from achieving the educational benefits of diversity." SFFA Br. 59. Aside from the evidence presented by Harvard on this issue, multiple Student-amici testified that this decline in Black students would produce immediate, acute harms. *See* Student-amici Br. 15-19. Student-amici can further inform the Court how the record reflects that a race-blind policy could dissuade many students of color from applying to and attending Harvard. *Id.* at 17-18. These are critical arguments that Student-amici are uniquely situated to present.

## II. In Light of Their Extensive Participation in This Case, Oral Argument from Student-Amici Can Assist the Court in Understanding the Issues and Rendering its Ultimate Ruling

Since 2015, Student-amici have participated in this case beyond the typical amicus and their involvement has been substantial and informative. On April 29, 2015, Student-amici initially sought to intervene in this case. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 51-53 (D. Mass.), ECF No. 52, *aff'd*, 807 F.3d 472 (1st Cir. 2015). Although they were unsuccessful, the district court allowed them to continue to participate as amici curiae. *Id.* at 53. As the court explained, amici can "assist the court 'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper

decision.'" *Id.* at 52 (citing *Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H. 2008) (quoting *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991)).

The court permitted Student-amici to participate more fully than an ordinary amicus by allowing them "to submit their own declarations, file substantive briefs on dispositive motions, and participate in oral arguments on those motions." *Id.* at 52. The court further held that "[s]hould this case proceed to trial, amici curiae may file a motion to participate in the proceedings, and the Court will consider the appropriate scope of participation at that time." *Id.* at 53.

Following the resolution of their intervention motion, counsel for Student-amici continued to actively participate in the case and attend court hearings.[2] Student-amici filed a brief supporting Harvard's motion for partial judgment on the pleadings. ECF No. 199. In granting Harvard's motion, the district court relied, in part, on Student-amici's arguments, holding, "[f]or the reasons set forth below and more fully articulated by Harvard and the intervenors in their briefs, the Court grants the motion." ADD172.

Student-amici proceeded to file briefs and accompanying declarations supporting Harvard's motion for summary judgment and opposing SFFA's cross-

[2] In December 2016, other Student-amici represented by Asian Americans Advancing Justice-Los Angeles joined the then-present amici represented by the Lawyers' Committee and other counsel. ECF No. 230.

motion. ECF Nos. 440, 509. As trial approached, Student-amici moved to participate in the trial pursuant to the district court's previous order. ECF No. 518. Student-amici requested the opportunity to present witnesses at trial, make opening and closing statements, and cross-examine an expert witness of SFFA. *Id.* at 1. Harvard opposed Student-amici's request to cross-examine the expert but supported their request to present testimony from Harvard students and alumni, recognizing "that those witnesses can offer important and distinctive perspectives on the importance of a racially diverse student body at Harvard." ECF No. 541 at 2. Harvard, which decided not to call any student witnesses, further informed the district court:

> [T]he proposed witnesses may provide testimony that would be of use to the Court about the salience of race in the witnesses' lived experiences, including their time at Harvard. Harvard expects that the proposed witnesses will also be well positioned to speak to the effect that student body diversity achieved through Harvard's whole-person admissions program—in which race is considered as one factor among many—has had on their Harvard experience.

*Id.*

SFFA filed its opposition to Student-amici's motion, ECF No. 543, and Student-amici filed their reply on September 26, 2018. ECF No. 558. On October 3, 2018, the district court granted, in part, Student-amici's motion, concluding "that the limited presentation of testimony from some of the individuals proffered by amici will likely advance the interests of justice by providing a valuable

perspective[.]" Mem. and Order Regarding Mot. to Participate in Trial Proceedings filed by Amici Curiae (Oct. 3, 2018), ECF. No. 575 at 4. The court permitted Student-amici to make opening and closing statements, present witnesses during the trial, and offer exhibits. *Id.* at 4-5. Accordingly, Student-amici:

- Presented their opening statement on October 15, 2018, JA544-54;
- Presented four witnesses at trial with exhibits on October 29, 2018, JA2541-59; JA2595-2619; JA2673-99; JA2729-46;
- Presented their closing statement on November 2, 2018, JA3649-62.

Following trial, Student-amici filed their Proposed Findings of Fact and Conclusions of Law, referencing in part, their own testimony and evidence. ECF No. 626. On September 30, 2019, the district court issued its Findings of Fact and Conclusion of Law. ADD1-130. The court's ruling was influenced in a number of respects by the evidence and arguments proffered by Student-amici. For example, the court cited Student-amici's testimony in support of its finding that "eliminating consideration of race would significantly disadvantage at least some Asian American applicants," and that "it is vital that Asian Americans and other racial minorities be able to discuss their racial identities in their applications." ADD111 (citing Student-amici's testimony).

The Court also directly referenced Student-amici's testimony regarding how a race-blind admissions process would disadvantage some Asian American

students from less advantaged backgrounds with compelling personal stories. ADD84 n.51. Additionally, the Court cited Student-amici's applications in making findings about the application process and how race may be indicated on the application itself or in accompanying essays and personal statements. *See, e.g.*, ADD13-15. Student-amici also supported Harvard in defending against SFFA's claims by, for example, demonstrating that grades and test scores are imperfect metrics of merit and detailing the wide-ranging educational benefits of diversity. *See, e.g.*, ECF No. 626 at 9-19.

For the past five years and counting, Student-amici have been represented by a steady stable of experienced, well-regarded counsel who know the record well and who can provide critical arguments to the Court as it weighs these important issues that will impact students across the First Circuit. Student-amici's attorneys include counsel with the Lawyers' Committee for Civil Rights Under Law, which was founded in 1963 to assist in bringing the private bar into defending and enforcing civil rights. The Lawyers' Committee is currently representing defendant-intervenor students and alumni in the affirmative action challenge SFFA has brought against the University of North Carolina, where trial is scheduled later this year in federal district court. Student-amici's attorneys also include Asian Americans Advancing Justice-AAJC, which since 1991 has fought for advancing the civil and human rights of Asian Americans; Lawyers for Civil Rights, which

was formed in Boston in 1968 as an affiliate of the national Lawyers' Committee and which fosters equal opportunity and fights discrimination on behalf of people of color and immigrants; and Arnold & Porter Kaye Scholer LLP, an international law firm with decades of extensive appellate and pro bono experience.

Other circuit courts deciding the lawfulness of race-conscious admissions in higher education have considered and allowed counsel representing students to participate in oral argument. *See, e.g.*, *Fisher v. Univ. of Tex. at Austin*, 631 F.3d 213 (5th Cir. 2011) (noting argument by counsel for amicus curiae), *vacated and remanded*, 570 U.S. 297 (2013); Docket Text Entry, Oral Argument Heard, *Fisher v. Univ. of Tex. at Austin*, No. 09-50822 (5th Cir. Nov. 13, 2013) (noting argument by counsel for amicus curiae following remand), *considered by Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633 (5th Cir. 2014), *aff'd*, 136 S. Ct. 2198 (2016); *Grutter v. Bollinger*, 288 F.3d 732 (6th Cir. 2002) (noting argument by counsel for intervenor-defendant students and organizations), *aff'd*, 539 U.S. 306 (2003); *Gratz v. Bollinger*, 309 F.3d 329 (6th Cir. 2001) (memorandum order allocating argument time to counsel for intervening students, fifteen minutes in one case pending before the court and five minutes in another). This Court has also exercised its discretion in permitting counsel for other amici to participate in oral argument. *See, e.g.*, *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 525 n.8 (1st Cir. 1991) (permitting amicus to present oral argument based only on

generalized concern over potential abuse of attorneys' fees in class actions); *Santana v. Holder*, 731 F.3d 50, 52 n.3 (1st Cir. 2013) (acknowledging and thanking amicus counsel for presenting argument).

## CONCLUSION

Student-amici respectfully submit that they can offer the Court a helpful, valuable perspective that is complementary but distinct from Harvard's perspective. Accordingly, Student-amici respectfully request that this Court grant their motion and allot five minutes of argument time to Student-amici to advocate for their direct, significant interest in preserving race-conscious admissions programs.

Dated: June 3, 2020

Respectfully submitted,

/s/ *Lawrence E. Culleen*
Lawrence E. Culleen
Elisabeth S. Theodore
Nancy L. Perkins
Janine M. Lopez*
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
lawrence.culleen@arnoldporter.com

Jon M. Greenbaum
David Hinojosa
Genevieve Bonadies Torres
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, NW, Suite 900
Washington, DC 20005
(202) 662-8600

Eri Andriola**
ASIAN AMERICANS
ADVANCING JUSTICE - AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
(202) 296-2300

*Admitted only in Massachusetts; practicing law in the District of Columbia during the pendency of her application for admission to the D.C. Bar and under the supervision of lawyers of the firm who are members in good standing of the D.C. Bar

**Admitted only in New York. DC practice limited to Federal Courts.

*Counsel for Amici Curiae*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because the motion contains 2,724 words, excluding the exempted parts of the motion. This motion complies with the typeface and type style requirements of Rule 32(a)(5) and Rule 32(a)(6), respectively, because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in Times New Roman 14-point font.

Dated: June 3, 2020

*/s/ Lawrence E. Culleen*
Lawrence E. Culleen

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2020, the foregoing Motion of Amici Curiae Students, Alumni, and Prospective Students of Harvard College for Leave to Participate in Oral Argument was electronically filed with the Court via the appellate CM/ECF system, and that copies were served on all counsel of record by operation of the CM/ECF system on the same date.

*/s/ Lawrence E. Culleen*
Lawrence E. Culleen