No. 19-2005

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

STUDENTS FOR FAIR ADMISSIONS, INC.,

*Plaintiff-Appellant*,

*v.*

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

*Defendant-Appellee*,

On Appeal from the United States District Court for the District of Massachusetts in Case No. 1:14-cv-14176-ADB, Judge Allison D. Burroughs

**RENEWED MOTION OF AMICI CURIAE COALITION FOR A DIVERSE HARVARD, ASSOCIATION OF BLACK HARVARD WOMEN, FIRST GENERATION HARVARD ALUMNI, FUERZA LATINA OF HARVARD, HARVARD ASIAN AMERICAN ALUMNI ALLIANCE, HARVARD ASIAN AMERICAN BROTHERHOOD, HARVARD BLACK ALUMNI SOCIETY, HARVARD ISLAMIC SOCIETY, HARVARD JAPAN SOCIETY, HARVARD KOREAN ASSOCIATION, HARVARD LATINO ALUMNI ALLIANCE, HARVARD MINORITY ASSOCIATION OF PRE-MEDICAL STUDENTS, HARVARD PHILLIPS BROOKS HOUSE ASSOCIATION, HARVARD PROGRESSIVE JEWISH ALUMNI, HARVARD SOUTH ASIAN ASSOCIATION, HARVARD UNIVERSITY MUSLIM ALUMNI, HARVARD VIETNAMESE ASSOCIATION, HARVARD-RADCLIFFE ASIAN AMERICAN ASSOCIATION, HARVARD-RADCLIFFE ASIAN AMERICAN WOMEN'S ASSOCIATION, HARVARD-RADCLIFFE BLACK STUDENTS ASSOCIATION, HARVARD-RADCLIFFE CHINESE STUDENTS ASSOCIATION, KUUMBA SINGERS OF HARVARD COLLEGE, NATIVE AMERICAN ALUMNI OF HARVARD UNIVERSITY, NATIVE AMERICANS AT HARVARD COLLEGE, TASK FORCE FOR ASIAN AMERICAN PROGRESSIVE ADVOCACY AND STUDIES AT HARVARD COLLEGE, AND 21 COLORFUL CRIMSON FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

Sherrilyn Ifill
Janai Nelson
Samuel Spital
Jin Hee Lee
Rachel Kleinman
Cara McClellan
NAACP Legal Defense and
   Educational Fund, Inc.
40 Rector Street, 5th floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
jlee@naacpldf.org

Michaele N. Turnage Young
Jennifer A. Holmes
NAACP Legal Defense and
   Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org

Kate R. Cook, No. 99103
Kenneth N. Thayer, No. 1186658
Sugarman, Rogers, Barshak &
Cohen, P.C.
101 Merrimac Street, 9th floor
Boston, MA 02114-4737
Tel: (617) 227-3030
cook@sugarmanrogers.com
thayer@sugarmanrogers.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Amici Curiae state that none of the Amici Curiae has a parent corporation and that there is no publicly held corporation that owns 10% or more of any of their stock.[1]

---

[1] Local counsel for Amici Curiae in this action, the law firm of Sugarman Rogers Barshak & Cohen, P.C. ("Sugarman Rogers"), also represents Defendant-Appellee President and Fellows of Harvard College ("Harvard") in matters wholly unrelated to the legal and factual issues presented by this action. Neither Harvard nor its litigation counsel in this action have provided any financial support for the preparation of Amici Curiae's motion or authored this motion in whole or in part.

Amici Curiae Harvard student and alumni organizations ("Amici Organizations")[2] respectfully submit this renewed motion for leave to participate in oral argument. The Amici Organizations have been deeply involved in this case, having presented argument, testimony, and evidence in the court below. Amici Organizations represent a broad swath of Harvard students and alumni, through 26 separate organizations, many of which have been operating on campus for decades. Given their longstanding institutional history at Harvard, these organizations—and their respective members—were well-positioned to offer testimony in the District Court about the impact of diversity or the lack thereof at Harvard over past decades, as well as the impact of Harvard's admissions policies on their individual and organizational experiences on campus. They are likewise well situated to aid this

---

[2] Amici Organizations include Coalition for a Diverse Harvard, Association of Black Harvard Women, First Generation Harvard Alumni, Fuerza Latina of Harvard, Harvard Asian American Alumni Alliance, Harvard Asian American Brotherhood, Harvard Black Alumni Society, Harvard Islamic Society, Harvard Japan Society, Harvard Korean Association, Harvard Latino Alumni Alliance, Harvard Minority Association of Pre-Medical Students, Harvard Phillips Brooks House Association, Harvard Progressive Jewish Alumni, Harvard South Asian Association, Harvard University Muslim Alumni, Harvard Vietnamese Association, Harvard-Radcliffe Asian American Association, Harvard-Radcliffe Asian American Women's Association, Harvard-Radcliffe Black Students Association, Harvard-Radcliffe Chinese Students Association, Kuumba Singers of Harvard College, Native American Alumni of Harvard University, Native Americans at Harvard College, Task Force for Asian American Progressive Advocacy and Studies at Harvard College, and 21 Colorful Crimson. *See* Mot. to Participate as Amici Curiae, *SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. July 30, 2018) (describing 21 amici), ECF No. 455; Mot. of Additional Harvard Student and Alumni Organizations to Participate as Amici Curiae, *SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. Aug. 30, 2018) (describing four amici), ECF No. 503.

Court by explaining how the relief sought by SFFA would have damaging repercussions on their organizations and members and on Harvard overall.

Now that this Court has scheduled oral argument for September 16, 2020, Amici Organizations respectfully renew the request for five minutes of oral argument time in addition to the time granted to Defendant-Appellee President and Fellows of Harvard College ("Harvard"). In response to Amici Organizations' initial request for oral argument time, filed on June 19, 2020, Plaintiff-Appellant Students for Fair Admissions and Defendant-Appellee President and Fellows of Harvard College jointly submitted to this Court on June 23, 2020, that they do not object to Amici Organizations' participation in oral argument as long as "the parties to this case, Harvard and SFFA, have equal and adequate time for oral argument" and "Harvard and any amici supporting its position . . . have the same amount of *total* time to argue as SFFA and its amicus" (emphasis in original).

## I.    Amici Organizations Are Uniquely Qualified to Assist the Court.

Amici Organizations are 26 Harvard student and alumni organizations comprised of more than 16,000 Asian American, Black, Latinx,[3] Native American, and white Harvard students, alumni, faculty, and alumni interviewers. Am. Br. of Amici Organizations 1, Doc. 00117594579. Amici Organizations' alumni members

---

[3] The gender-neutral term "Latinx" is used herein to refer collectively to Latinos, Latinas, and non-binary persons of Latin American background.

have graduation years that span at least seven decades. *See, e.g.*, Decl. of the Harvard Asian American Alumni Alliance at 1, *SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. Aug. 30, 2018), ECF No. 503-2. Amici Organizations include many longstanding organizations, some of whom have served Harvard students for more than a century. *See, e.g.*, Decl. of the Phillips Brooks House Association at 1, *SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. July 30, 2018), ECF No. 455-11.

Because the District Court granted Amici Organizations enhanced amici status, Amici Organizations are not "typical" amici. *See* Order, *SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. July 31, 2018), ECF No. 465; Order, *SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. Aug. 31, 2018), ECF No. 516; Order, *SFFA v. Harvard*, No. 1:14-cv-14176 (D. Mass. Oct. 3, 2018), ECF No. 575. In addition to submitting two briefs at the summary judgment stage, *see* ECF Nos. 471 and 517, Amici Organizations were granted leave to participate directly in the trial by presenting opening and closing arguments, providing live testimony of four witnesses, introducing evidence, and submitting post-trial briefing and argument. In addition, Amici Organizations will be directly impacted by the resolution of this case. Am. Br. of Amici Organizations 21-22. Amici Organizations play a crucial role in fostering cross-cultural engagement on campus and rely on the diverse student body that results from race-conscious admissions to survive. *Id*. at 21-22, 28-30.

During trial, members of Amici Organizations testified that racial diversity ensures an academic community that is intellectually robust because of the exposure to diverse perspectives and opinions, without which student members would be ill-prepared for success beyond Harvard. *Id.* at 18; Addendum ("ADD") 7. Moreover, every organizational member personally experienced Harvard's admissions process, and some provided first-hand accounts of how the process functions, beyond statistics that cannot capture the full complexity of holistic admissions. *See, e.g.*, JA2621:3-2626:18 (Ho) (describing her experience applying to Harvard, the components of her application, and the importance of writing about her Vietnamese-American background in her application essays).

Amici Organizations' first-hand experience with the educational benefits of diversity at Harvard is not otherwise represented by the parties in this case, and amici participation at trial was thus instrumental to the District Court's understanding of the lived experiences of those impacted most by Harvard's admissions policies. *See, e.g.*, ADD111-12. Because of these experiences and their vast institutional knowledge, Amici Organizations are uniquely qualified to assist this Court as well.

## II. Amici Organizations Have a Unique Perspective and Strong Interest in the Outcome of this Lawsuit.

Amici Organizations represent the interests of the students and alumni whose experiences at Harvard have been meaningfully enhanced by the campus and

classroom diversity that results from Harvard's race-conscious admissions policy. Am. Br. of Amici Organizations 2, 19-23.

As the Supreme Court has recognized, the educational benefits of diversity include "better prepar[ing] students for an increasingly diverse workforce and society." *Grutter v. Bollinger*, 539 U.S. 306, 330 (2003) (citation omitted). For decades, Amici Organizations have sought to foster these educational benefits by advocating for the diverse needs of all Harvard students and hosting events and initiating dialogue that promotes cross-racial understanding, critical thinking, and civic engagement through educating the Harvard community about the lived experiences of Black, Latinx, Asian, and Native people. Am. Br. of Amici Organizations 25-30. Amici Organizations have long been instrumental in Harvard's realization of the educational benefits of diversity.

Amici Organizations will also be profoundly impacted as institutions by any decrease in the diversity of Harvard's student body. *Id.* at 21-22. Many Amici Organizations have existed for decades—independent of the everchanging student body at Harvard—and, pursuant to their missions, will provide support to underrepresented Harvard students for generations to come. *Id.* at 1, 25-27. Amici Organizations are also essential to recruiting, retaining, and supporting diverse students on Harvard's campus. *Id.* at 25-30. Moreover, Amici Organizations have a direct interest in the continued consideration of race in Harvard's admissions

process, given the larger need to address the challenges that underrepresented students experience after they are admitted. *See id.* 28-30. The evidence at trial showed how Amici Organizations foster interactions between students and help create an environment that is conducive to learning by combating racial isolation, tokenism, and stereotypes. *Id.* at 25-30.

Should Plaintiffs prevail, many Amici Organizations and their sub-groups would suffer such a sharp decline in their membership ranks that they either would cease to exist altogether or would no longer have the capacity to effectively promote cross-racial understanding. *Id.* at 21-22. Because collaboration across Amici Organizations is essential, even Amici Organizations whose membership ranks are not decimated would no longer be able to promote cross-racial understanding as effectively. *See, e.g.*, JA2643:10-20 (Ho). With some Amici Organizations no longer existing, and others seriously diminished, the Amici Organizations collectively would no longer have the capacity to effectively provide support to students of color—jeopardizing the health and safety of the very students who, individually and collectively via Amici Organizations, provide the Harvard community with the educational benefits of diversity. Am. Br. of Amici Organizations 21-22, 28-30.

The Amici Organizations' participation in oral argument will be helpful to the Court in elaborating the benefits of diversity in a manner different from Harvard College because Amici Organizations offer the distinctive perspectives of the

students and organizations that are most directly impacted. The fact that the United States Department of Justice has recently wielded its substantial influence in favor of the plaintiff, *see* Br. for the United States as Amici Curiae, Doc. 00117556565, makes Amici Organizations' participation in oral argument that much more urgent given that their very survival is at risk. It is critical for this Court to hear the views of myriad students and organizations that would be institutionally harmed—organizations that help foster the benefits of diversity for current Harvard students and for future Harvard students for generations to come.

Of particular importance, Amici Organizations can provide institutional knowledge, experience and insight to address the issue of race-neutral alternatives. On appeal, SFFA challenges the District Court's finding that there are no workable race-neutral alternatives by asserting that one of its proposals—Simulation D—is adequate, despite the fact that SFFA's own expert admits that this proposal would decrease the representation of Black students on campus by 30%. Br. of Appellant SFFA 56-62, Doc. 00117552859; SFFA Reply Br. 35-38, Doc. 00117597992; ADD91-92. Amici Organizations presented evidence and testimony on the impact of a significant reduction in the representation of Black students, *see, e.g.*, JA2726:16-2727:7 (Trice), and will offer argument as to why a reduction of this magnitude in the representation of Black students would hinder Harvard's ability to obtain the benefits of a diverse student body.

Finally, counsel for Amici Organizations, the NAACP Legal Defense and Educational Fund, Inc. ("LDF"), has a "corporate reputation for expertness in presenting and arguing the difficult questions of law that frequently arise in civil rights litigation." *NAACP v. Button*, 371 U.S. 415, 422 (1963). Founded in 1940 by Thurgood Marshall, LDF is the nation's first civil and human rights law firm. It is a leading voice in the decades-long struggle for equal educational opportunities. LDF won the landmark case, *Brown v. Board of Education*, 347 U.S. 483 (1954), and has litigated dozens of other educational equity cases throughout the country, both as the parties' counsel and as amicus curiae. *See, e.g.*, *Stout v. Jefferson Cty. Bd. of Educ.*, 882 F.3d 988 (11th Cir. 2018); *Schuette v. Coal. to Defend Affirmative Action*, 572 U.S. 291 (2014); *Thomas v. Sch. Bd. St. Martin Par.*, 756 F.3d 380 (5th Cir. 2014); *Parents Involved in Comm. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701 (2007); *Grutter v. Bollinger*, 539 U.S. 306 (2003); *Sheff v. O'Neill*, 238 Conn. 1 (1996); *Regents of the Univ. of Cal. v. Bakke*, 438 U.S. 265 (1978); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973).

As the lawyers representing students at oral argument in the most recent federal court cases involving challenges to affirmative action plans, counsel for Amici Organizations are uniquely qualified to offer historical perspective and deep legal knowledge to assist the Court on the important questions in this case. *See Fisher v. Univ. of Tex. at Austin*, 631 F.3d 213, 216 (5th Cir. 2011) (noting argument

by LDF on behalf of the Black Student Alliance at the University of Texas at Austin ("BSA")), *vacated and remanded*, 570 U.S. 297 (2013); Docket Text Entry, *Fisher v. Univ. of Tex. at Austin*, No. 09-50822 (5th Cir. Nov. 13, 2013) (granting the unopposed motion of LDF to participate in oral argument on behalf of the BSA), *considered by Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633 (5th Cir. 2014), *aff'd*, 136 S. Ct. 2198 (2016).

For the foregoing reasons, Amici Organizations respectfully renew their motion for leave to participate in oral argument.

Dated: July 30, 2020

Respectfully submitted,

/s/ Jin Hee Lee

Sherrilyn Ifill
Janai Nelson
Samuel Spital
Jin Hee Lee
Rachel Kleinman
Cara McClellan
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
jlee@naacpldf.org

Michaele N. Turnage Young
Jennifer A. Holmes
NAACP Legal Defense and

   Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org

Kate R. Cook, No. 99103
Kenneth N. Thayer, No. 1186658
Sugarman, Rogers, Barshak &
Cohen, P.C.
101 Merrimac Street (9th floor)
Boston, MA 02114-4737
Tel: (617) 227-3030
cook@sugarmanrogers.com
thayer@sugarmanrogers.com

*Counsel for Amici Curiae Coalition for a Diverse Harvard, Association of Black Harvard Women, First Generation Harvard Alumni, Fuerza Latina of Harvard, Harvard Asian American Alumni Alliance, Harvard Asian American Brotherhood, Harvard Black Alumni Society, Harvard Islamic Society, Harvard Japan Society, Harvard Korean Association, Harvard Latino Alumni Alliance, Harvard Minority Association of Pre-Medical Students, Harvard Phillips Brooks House Association, Harvard Progressive Jewish Alumni, Harvard South Asian Association, Harvard University Muslim Alumni, Harvard Vietnamese Association, Harvard-Radcliffe Asian American Association, Harvard-Radcliffe Asian American Women's Association,*

12

*Harvard-Radcliffe Black Students Association, Harvard-Radcliffe Chinese Students Association, Kuumba Singers of Harvard College, Native American Alumni of Harvard University, Native Americans at Harvard College, Task Force for Asian American Progressive Advocacy and Studies at Harvard College, and 21 Colorful Crimson*

13

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2), the undersigned hereby certifies that this brief complies with the type-volume limitation.

1. Exclusive of the exempted portions of the motion, the motion contains 2,008 words.

2. The motion has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word-count feature of this word processing system in preparing this certificate.

Dated: July 30, 2020

/s/ Jin Hee Lee
Jin Hee Lee
NAACP Legal Defense and
　Educational Fund, Inc.
40 Rector Street, 5th floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
jlee@naacpldf.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of July 2020, a copy of the above and foregoing RENEWED MOTION OF AMICI CURIAE COALITION FOR A DIVERSE HARVARD, ASSOCIATION OF BLACK HARVARD WOMEN, FIRST GENERATION HARVARD ALUMNI, FUERZA LATINA OF HARVARD, HARVARD ASIAN AMERICAN ALUMNI ALLIANCE, HARVARD ASIAN AMERICAN BROTHERHOOD, HARVARD BLACK ALUMNI SOCIETY, HARVARD ISLAMIC SOCIETY, HARVARD JAPAN SOCIETY, HARVARD KOREAN ASSOCIATION, HARVARD LATINO ALUMNI ALLIANCE, HARVARD MINORITY ASSOCIATION OF PRE-MEDICAL STUDENTS, HARVARD PHILLIPS BROOKS HOUSE ASSOCIATION, HARVARD PROGRESSIVE JEWISH ALUMNI, HARVARD SOUTH ASIAN ASSOCIATION, HARVARD UNIVERSITY MUSLIM ALUMNI, HARVARD VIETNAMESE ASSOCIATION, HARVARD-RADCLIFFE ASIAN AMERICAN ASSOCIATION, HARVARD-RADCLIFFE ASIAN AMERICAN WOMEN'S ASSOCIATION, HARVARD-RADCLIFFE BLACK STUDENTS ASSOCIATION, HARVARD-RADCLIFFE CHINESE STUDENTS ASSOCIATION, KUUMBA SINGERS OF HARVARD COLLEGE, NATIVE AMERICAN ALUMNI OF HARVARD UNIVERSITY, NATIVE AMERICANS AT HARVARD COLLEGE, TASK FORCE FOR ASIAN

AMERICAN PROGRESSIVE ADVOCACY AND STUDIES AT HARVARD COLLEGE, AND 21 COLORFUL CRIMSON FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Jin Hee Lee
Jin Hee Lee
NAACP Legal Defense and
  Educational Fund, Inc.
40 Rector Street, 5th floor
New York, NY 10006
Tel.: (212) 965-2200
Fax: (212) 226-7592
jlee@naacpldf.org