IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 19-2005

STUDENTS FOR FAIR ADMISSIONS, INC.,

Plaintiff-Appellant

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

Defendant-Appellee

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

RENEWED MOTION OF THE UNITED STATES AS AMICUS CURIAE
TO PARTICIPATE IN ORAL ARGUMENT

_____

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), the United States respectfully renews its request to participate in oral argument of this appeal, which this Court has now scheduled for September 16, 2020. The United States asks that the Court grant it ten minutes of argument time and add that time to the total time given to the parties. In support of this renewed motion, the United States provides the following:

- 2 -

1. On February 25, 2020, the United States filed an amicus brief in support of plaintiff-appellant Students for Fair Admissions, Inc. (SFFA) and urging reversal, pursuant to Federal Rule of Appellate Procedure 29(a).

2. On June 23, 2020, the United States filed a motion for leave to participate in oral argument in this case.

3. Later on June 23, 2020, the parties jointly responded to multiple amici's motions for oral argument time, stating that they do not object to amici participation in oral argument as long as "Harvard and SFFA[] have equal and adequate time for oral argument" and "Harvard and any amici supporting its position * * * have the same amount of *total* time to argue as SFFA and its amicus." See Dkt. ID No. 6347775, at 1.

4. On July 9, 2020, this Court denied all amici motions to participate in oral argument (including the United States' motion) without prejudice to refiling once the case was calendared for oral argument.

5. On July 28, 2020, this Court issued a Calendaring Notice scheduling the case for oral argument on September 16, 2020. The United States now renews its request to participate in the argument.

6. This appeal presents the important question whether Harvard College carried its burden at trial of proving that its overt consideration of race in its admissions process is narrowly tailored to advance a compelling interest, as

- 3 -

required by Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d *et seq.*, and Supreme Court precedent.  Title VI commands that "[n]o person in the United States shall  *  *  *  be subjected to discrimination under any program or activity receiving Federal financial assistance" based on her "race, color, or national origin."  42 U.S.C. 2000d.  By accepting millions of dollars in federal funding, Harvard has subjected itself to Title VI's restrictions on the use of race.

7. As discussed in the United States' amicus brief, because Harvard intentionally uses race in its admissions process, it bears the burden of proving that its process satisfies strict scrutiny by showing that its use of race is narrowly tailored to a compelling interest.  The amicus brief argues that Harvard did not carry that burden.  Accordingly, the United States urges that this Court reverse the judgment of the district court below, which rejected the challenge to Harvard's admissions process.

8. The United States has a strong interest in the resolution of this appeal and believes that its participation in oral argument would be particularly helpful to this Court.  The United States has a substantial interest in protecting its citizens from racial discrimination.  It enforces multiple statutes that prohibit race discrimination in public accommodations, housing, voting, education, and employment, among other contexts.  The United States also has a fundamental interest in ensuring "that public dollars, drawn from the tax contributions of all citizens, do not serve to

finance the evil of private prejudice." *City of Richmond* v. *J.A. Croson Co.*, 488 U.S. 469, 492 (1989) (plurality opinion). The United States distributes billions of dollars in federal financial assistance every year—of which Harvard is one beneficiary—and it has a significant interest in ensuring that recipients of such assistance comply with Title VI's anti-discrimination mandate.

9. The United States filed amicus briefs and participated in oral argument in the Supreme Court cases that are central to the disposition of this appeal—*e.g.*, *Fisher* v. *University of Tex. at Austin*, 136 S. Ct. 2198 (2016); *Fisher* v. *University of Tex. at Austin*, 570 U.S. 297 (2013); *Parents Involved in Cmty. Schs.* v. *Seattle Sch. Dist. No. 1*, 551 U.S. 701 (2007); *Grutter* v. *Bollinger*, 539 U.S. 306 (2003); and *Gratz* v. *Bollinger*, 539 U.S. 244 (2003).

10. The Assistant Attorney General for the Civil Rights Division of the Department of Justice, Eric S. Dreiband, would present oral argument on behalf of the United States.

11. The United States respectfully requests that this Court grant it ten minutes of argument time and add that time to the total time the Court grants the parties. Counsel for the United States has conferred with counsel for both parties. Both parties stated that their positions on this renewed motion are the same as expressed in their previous joint response to the original motions to participate in

- 5 -

oral argument.  See Dkt. ID No. 6347775 (filed June 23, 2020).  The United States is the only amicus supporting SFFA that has requested oral argument time to date.

## CONCLUSION

For the foregoing reasons, the United States respectfully renews its request for leave to participate in oral argument in this appeal and asks that the Court allot the United States ten minutes of argument time.

Respectfully submitted,

ERIC S. DREIBAND
  Assistant Attorney General

s/ Matthew J. Donnelly
THOMAS E. CHANDLER
MATTHEW J. DONNELLY
  Attorneys
  U.S. Department of Justice
  Civil Rights Division
  Appellate Section
  Benjamin Franklin Station
  P.O. Box 14403
  Washington, D.C.  20044-4403
  (202) 616-2788

## CERTIFICATE OF COMPLIANCE

I certify that the attached RENEWED MOTION OF THE UNITED STATES AS AMICUS CURIAE TO PARTICIPATE IN ORAL ARGUMENT:

(1)  complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 848 words; and

(2)  complies with the typeface requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it meets the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) having been prepared in a proportionally spaced typeface using Microsoft Word 2019, in 14-point Times New Roman font.

s/ Matthew J. Donnelly  
MATTHEW J. DONNELLY  
 Attorney

Dated:  July 31, 2020

## CERTIFICATE OF SERVICE

I certify that on July 31, 2020, I electronically filed the foregoing RENEWED MOTION OF THE UNITED STATES AS AMICUS CURIAE TO PARTICIPATE IN ORAL ARGUMENT with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                    s/ Matthew J. Donnelly
                                                  MATTHEW J. DONNELLY
                                                    Attorney